JOSHUA D. HURWIT, IDAHO STATE BAR NO. 9527
UNITED STATES ATTORNEY
WILLIAM M. HUMPHRIES, IDAHO STATE BAR NO. 11709
DARCI W. CRANE, IDAHO STATE BAR NO. 8852
ASSISTANT UNITED STATES ATTORNEYs
DISTRICT OF IDAHO
1290 W. MYRTLE STREET, SUITE 500
BOISE, IDAHO 83702
TELEPHONE: (208) 334-1211
FACSIMILE:  (208) 334-1413

UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>vs.<br><br>ANUBOR J. BAGBI,<br><br>Defendant. | Case No. 1:23-CR-00045-AKB<br><br>**MOTION FOR PRELIMINARY ORDER OF FORFEITURE, FINAL AS TO DEFENDANT[1] AND FORFEITURE MONEY JUDGMENT** |

The United States requests that this Court enter a Preliminary Order of Forfeiture and a Forfeiture Money Judgment.

The record establishes: (a) the requisite nexus between the property subject to forfeiture and the offense, as required by Federal Rule of Criminal Procedure 32.2, and (b) a sufficient factual and legal basis for forfeiture.

The Preliminary Order of Forfeiture should include, but not be limited to, the following Subject Property and any Substitute Assets.

---

[1] A Preliminary Order of Forfeiture is final as to the Defendant. Fed. R. Crim. P. 32.2(b)(4). Thus, in some cases, a Final Order of Forfeiture is unnecessary. In other cases, the United States will seek a Final Order of Forfeiture to resolve third party interests or other issues.

**MOTION FOR PRELIMINARY ORDER OF FORFEITURE, FINAL AS TO DEFENDANT AND FORFEITURE MONEY JUDGMENT - 1**

**Subject Property**:

a) Seized property:

1. Approximately $11,784.41 in seized currency from Unify Federal Credit Union Account No. 3629020 (seized in accordance with the warrant issued in Case No. 1:23-mj-00099-DKG);

2. $139 in cash seized on December 15, 2022;

3. Blue iPhone with black Otterbox case seized on December 15, 2022;

4. Black Nokia phone seized on December 15, 2022;

5. Green iPhone with white case seized on December 15, 2022.

b) <u>Unseized JP Morgan Chase Accounts: AMB Farms LLC account ending in 3310 and LG Farms USA LLC account ending in 9259.</u>

c) <u>Unrecovered Cash Proceeds and/or Facilitating Property (Forfeiture Money Judgment):</u> At least $222,051.86 in United States currency and all interest and proceeds traceable thereto. This amount represents unrecovered proceeds and facilitating property of the offense, which the defendant expended or otherwise disposed of. The factual basis for the defendant's guilty plea supports this amount. It is a forfeiture money judgment.

**Criminal Forfeiture Money Judgments**

In this case, not all specific property identified for forfeiture has been forfeited; therefore, the United States seeks a forfeiture money judgment. Federal Rule of Criminal Procedure 32.2(b)(1)(A) directs the Court to determine what property is subject to forfeiture "as soon as practical" after a finding of guilt and, if the government seeks a money judgment, the Court "must determine the amount of money that the defendant will be ordered to pay."

The standard criminal forfeiture procedure of Preliminary Order / ancillary proceeding / Final Order is unnecessary because there is no specific property subject to forfeiture in which a third party would have an interest.  (*Compare* Fed. R. Crim. P. 32.2(b)(1)(A) (discussing "personal money judgment") with 32.2(b)(2)(A) (referencing "property" subject to forfeiture).)  This is further clarified in Criminal Rule 32.2(c)(1) and by the 2000 Committee Notes, which state: "no ancillary proceeding is required to the extent that the order of forfeiture consists of a money judgment.  A money judgment is an *in personam* judgment against the defendant and not an order directed at specific assets in which any third party could have any interest."  *See United States v. Nejad*, 933 F.3d 1162, 1165 (9th Cir. 2019) (holding that the United States Supreme Court decision in *Honeycutt* did not undermine forfeiture money judgments and explaining that: a court may order forfeiture in the form of a personal money judgment against the defendant; the government may satisfy the judgment with substitute property it locates in the future and; a contrary rule might allow a defendant to escape the mandatory forfeiture penalty Congress has imposed.)

Here, the record establishes the requisite nexus between the forfeiture money judgment amount and the offense, as required by Federal Rule of Criminal Procedure 32.2, and establishes a sufficient factual and legal basis for forfeiture.

The Forfeiture Money Judgment should include, but not be limited to, what is listed under subsection (c) of the "Subject Property" section above.

**<u>Nexus and Factual Basis for Forfeiture</u>**

The Defendant pleaded guilty to counts three and six of the Indictment, a violation of 18 U.S.C. § 1344(I) and 18 U.S.C. § 1028A.  (Plea Agreement and Plea Hearing Minutes ECF No. 34 and 37.)  Defendant admitted to possessing the Subject Property in connection with opening

fraudulent business accounts using information from stolen checks, which he then deposited into these accounts and withdrew the proceeds.  (Plea Agreement, ECF No. 34.)

**Statutory Authority**

The Court's forfeiture authority originates from 18 U.S.C. § 981(a)(1)(C) and 28 U.S.C. § 2461(c), which provides that, when imposing sentence on any person convicted of a violation of 18 U.S.C. § 1344, the Court, shall order the person to forfeit property, real or personal, that constitutes or is derived, directly or indirectly, from proceeds traceable to the commission of the offense.

**Substitute Assets**:  Pursuant to 21 U.S.C. § 853(p) and other applicable statutes, the government will seek forfeiture of substitute assets, "or any other property of the defendant" up to the value of the defendant's assets subject to forfeiture.  The government will do so when the property subject to forfeiture cannot be forfeited for one or more of the following reasons:

      a.      Cannot be located upon the exercise of due diligence;

      b.      Has been transferred or sold to, or deposited with, a third person;

      c.      Has been placed beyond the jurisdiction of the court;

      d.      Has been substantially diminished in value; or

      e.      Has been commingled with other property which cannot be divided without difficulty.

If the United States seeks a Final Order of Forfeiture, the United States will provide written notice to all known third parties asserting a legal interest in the above-described property and will publish notice for thirty consecutive days on www.forfeiture.gov of the Court's Preliminary Order of Forfeiture and the United States' intent to dispose of the property.

WHEREFORE, the United States respectfully requests that this Court enter judgment of criminal forfeiture by issuing the Preliminary Order of Forfeiture, forfeiting to the United States of America the interest of the above-captioned defendant(s) in the above-described property and property set out in the forfeiture allegation of the charging document.

It is further requested that this Court authorize the United States Attorney General (or a designee) to seize immediately the above-described property and subsequently to dispose of it according to law.

The United States further requests authorization, pursuant to Criminal Rule 32.2(b)(3) and 32.2(c)(1)(B), to conduct any discovery, including interrogatories and depositions, necessary: (1) to identify, locate or dispose of the property ordered forfeited herein, any property traceable thereto, or any property that may be forfeited as substitute assets; and (2) to expedite ancillary proceedings related to any third party interests claimed pursuant to § 853(n).

Pursuant to Rule 32.2(c)(1) of the Federal Criminal Rules of Procedure, which states that "no ancillary proceeding is required to the extent that the forfeiture consists of a money judgment," the United States will not publish notice of this criminal forfeiture money judgment.

Pursuant to Criminal Rule 32.2(b)(4), this Preliminary Order of Forfeiture shall be final as to the defendant, made a part of the sentence, and included in the judgment at the time of sentencing.

A proposed preliminary order of forfeiture is being submitted to the Court via email.

Respectfully submitted this 4th day of December, 2023.

**MOTION FOR PRELIMINARY ORDER OF FORFEITURE, FINAL AS TO DEFENDANT AND FORFEITURE MONEY JUDGMENT - 5**

JOSHUA D. HURWIT
UNITED STATES ATTORNEY
By:


*/s/ William M. Humphries*
WILLIAM M. HUMPHRIES
Assistant United States Attorney

**MOTION FOR PRELIMINARY ORDER OF FORFEITURE, FINAL AS TO DEFENDANT AND FORFEITURE MONEY JUDGMENT - 6**